John K. Bennett, Esq. (Bar ID #024201980)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890
Attorneys for Defendant, BH Media Group, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------x

RACHEL O'DONNELL,

              Plaintiff,

   v.

BH MEDIA GROUP, INC. d/b/a PRESS
OF ATLANTIC CITY,

             Defendant.

---------------------------------------------------x

Hon. _____, U.S.D.J.

Civil Action No. 16 - _____ ( ___/___ )


### NOTICE OF REMOVAL


TO:   THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

      This Notice of Removal by Defendant, BH Media Group, Inc., a Delaware corporation having its headquarters and principal place of business located at 1314 Douglas Street, Omaha, Nebraska, respectfully shows, in accordance with the provisions of 28 U.S.C. § 1446, that this action is properly removed from the Superior Court of New Jersey, Law Division, Atlantic County, New Jersey, to this United States District Court, as follows:

      1.    Plaintiff, Rachel O'Donnell, has brought a civil action against Defendant in the Superior Court of New Jersey, Law Division, Atlantic County, captioned as "Rachel O'Donnell, Plaintiff, v. BH Media Group, Inc., d/b/a Press of Atlantic City, Defendant," Docket No. ATL-L-1504-16. This action was commenced by the filing of a Complaint on or about July 11, 2016, a copy of which is attached hereto as Exhibit A.

      2.    Defendant was served with process in this action on August 15, 2016.

3.     No proceedings have taken place in the state court action.  Defendant has not served an answer or responsive pleading to Plaintiffs' Complaint or made any appearance or argument before the Superior Court of New Jersey.

4.     This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), thereby allowing Defendant to remove, pursuant to 28 U.S.C. §§ 1332 and 1441, on the basis of this Court's diversity-of-citizenship jurisdiction and federal-question jurisdiction.

5.     This action arises out of Plaintiff's claims in her Complaint that she was "constructively discharged" from her employment with Defendant in or about August 2014.

6.     Plaintiff's Complaint includes the following counts:  (1) interference with her rights under the New Jersey Family Leave Act ("NJFLA"); (2) retaliation for having taken leave pursuant to the NJFLA; (3) termination and retaliation based on her disability in violation of the New Jersey Law Against Discrimination ("NJLAD"), (4) disability discrimination in violation of the NJLAD; (5) retaliation for having taken leave protected by the federal Family and Medical Leave Act ("FMLA"), in violation of the FMLA; and (6) interference with her FMLA rights in violation of the FMLA.

7.     This action is removable to this Court based on its diversity-of-citizenship jurisdiction, pursuant to 28 U.S.C. § 1441, and its federal-question jurisdiction, pursuant to 28 U.S.C. § 1331.

8.     Specifically, Plaintiff Rachel O'Donnell resides at 14 Bartlett Blvd., Egg Harbor Township, New Jersey 08234; therefore, she is a citizen of the State of New Jersey.

9.     Defendant has been and is, both at the time of the filing of the Complaint, and the filing of this removal petition, a corporation created and organized under the laws of the State of

Delaware, with its principal place of business located at 1314 Douglas Street, Omaha, Nebraska; therefore, it is a citizen of the States of Delaware and Nebraska.

10.     Defendant denies that it has any liability to Plaintiff for any damages. However, the amount in controversy, while not specifically enumerated in Plaintiff's complaint, appears to contemplate an amount exceeding the sum or value of $75,000.00.  The fact that a complaint does not, on its face, state the amount it seeks to recover will not defeat diversity jurisdiction. When a plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a legal certainty, the amount in controversy exceeds the threshold requirement. See Bergen County Improvement Auth. v. Bergen Reg'l Med. Ctr., 2012 U.S. Dist. LEXIS 81891 (D.N.J. June 7, 2012); see also Raspa v. Home Depot, 533 F. Supp. 2d 514 (D.N.J. 2007) (legal certainty test satisfied by demand for compensatory and punitive damages, and attorneys' fees).

11.     Defendant denies it has any liability to Plaintiff for any damages. However, as Plaintiff's Complaint is pled, she seeks compensatory damages, consequential damages, punitive damages, attorneys' fees with enhancement, cost of suit, and pre-judgment and post-judgment interest. Plaintiff's employment allegedly terminated in or about August 2014 (see Plaintiffs' Complaint).  As her Complaint is pled, Plaintiff's requested economic damages, and attorneys' fees, establish that the amount in controversy exceeds $75,000.00, the jurisdictional amount.

12.     Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount-in-controversy requirement of 28 U.S.C. § 1332.  This action is properly removable to this Court, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

13.     In her Complaint, plaintiff specifically asserts claims arising under the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. (Exh. A hereto, Counts V and VI, ¶¶ 69 – 80).  Such claims make this a civil action arising under the laws of the United States, of which this Court has original jurisdiction, pursuant to 29 U.S.C. § 1331.

14.     Defendant files this Notice of Removal without waiving any defenses to the claim(s) asserted by plaintiff, including improper service of process, or conceding that plaintiff has pled claim(s) upon which relief can be granted.

WHEREFORE, Defendant submits respectfully that this action proceed in its entirety in this Court as an action properly removed hereto.

JACKSON LEWIS P.C.
Attorneys for Defendant
BH Media Group, Inc.


By: s/ John K. Bennett
JOHN K. BENNETT

Dated:  August 24, 2016


4828-5924-7159, v. 1

# EXHIBIT A

**SUMMONS**

Attorney(s) <u>Swartz Swidler LLC</u>

Office Address <u>1101 Kings Highway North, Suite 402</u>

Town, State, Zip Code <u>Cherry Hill, NJ 08034</u>

Telephone Number <u>(856) 685 7420</u>

Attorney(s) for Plaintiff <u>Daniel Horowitz, Esq.</u>

<u>RACHEL O'DONNELL</u>

Plaintiff(s)

Vs.

<u>BH MEDIA GROUP, INC.</u>

<u>d/b/a PRESS OF ATLANTIC CITY</u>

Defendant(s)

**Superior Court of New Jersey**

<u>ATLANTIC</u>             COUNTY

<u>LAW</u>             DIVISION

Docket No: _____

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153 deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: <u>06/30/2016</u>

Name of Defendant to Be Served: _____

Address of Defendant to Be Served: _____

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

REC'D FILED
SUPERIOR COURT
OF NEW JERSEY

2016 JUL 11  AM 11: 07

Daniel A. Horowitz, Esquire
**SWARTZ SWIDLER, LLC**
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
Office: (856) 685-7420
Fax: (856) 685-7417
*Attorneys for Plaintiff*

---

RACHEL O'DONNELL
14 Bartlett Blvd.
Egg Harbor Township, NJ 08234

Plaintiff,

v.

BH MEDIA GROUP, INC.
d/b/a PRESS OF ATLANTIC CITY
1000 W. Washington Avenue
Pleasantville, NJ 08232

Defendant.

---

SUPERIOR COURT OF NEW JERSEY
ATLANTIC COUNTY – LAW DIVISION

CIVIL ACTION
DOCKET NO:   L 1504-16

COMPLAINT WITH JURY DEMAND

## CIVIL ACTION COMPLAINT

Plaintiff Rachel O'Donnell (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant BH Media Group, Inc, d/b/a Press of Atlantic City (hereinafter "Defendant").

## PARTIES

1.   The foregoing paragraphs are incorporated herein as if set forth in full.

2.   Plaintiff is an adult individual, with an address as set forth in the caption.

3.   Defendant is a business entity that conducted business in New Jersey.

4.   At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

1

## FACTUAL BACKGROUND

5.      The foregoing paragraphs are incorporated herein as if set forth in full.

6.      Plaintiff has suffered and continues to suffer from various medical conditions, including but not limited to bipolar, depression, and anxiety (hereinafter collectively "Disabilities").

7.      Plaintiff was hired by Defendant in or about August 2008 as a full-time retail advertising assistant.

8.      In or around December 2011, Defendant promoted Plaintiff to a full-time Executive Circulation Sales Representative.

9.      In or around October 2013, Plaintiff learned that she was pregnant.

10.     About a week after learning that she was pregnant, Plaintiff informed her immediate supervisor Carrie Gill of same and her anticipated need for maternity leave.

11.     In or around early February 2014, Plaintiff notified Supervisor Gill and Director John P (hereinafter "Director P") that she required time off from work on February 20 and 21 to provide care to her father, who was scheduled to undergo surgery for his own serious medical condition on February 20, 2014.

12.     Supervisor Gill and Director P approved Plaintiff's request.

13.     On or about February 20, 2014, while Plaintiff was in the hospital for her father's surgery, Plaintiff received an email from Supervisor Gill identifying 15 to 20 weekly performance objectives.

14.     Prior to the February 20th email, Defendant had not counseled or disciplined Plaintiff in writing for her work performance.

15.    Upon reading the February 20ᵗʰ email, Plaintiff began suffering extreme symptoms of her Disabilities that persisted through the next day (February 21, 2014).

16.    On February 21, 2014, Plaintiff was admitted into an intensive outpatient program at Atlantic Care Mental Health Facility for emergency psychiatric care related to her Disabilities.

17.    Plaintiff's physician placed Plaintiff on leave from February 24, 2014 to February 28, 2014, for treatment of her Disabilities.

18.    Plaintiff submitted a doctor's note stating same to Defendant's human resources department the same day (February 21, 2014).

19.    A few hours thereafter, Director P called Plaintiff and asked Plaintiff when she would return to work, although the doctor's note she submitted only a few hours prior stated that Plaintiff's leave was from February 24, 2014 to February 28, 2014.

20.    Plaintiff reiterated that her doctor had placed her on leave until February 28, 2014.

21.    Despite same, throughout Plaintiff's leave Defendant continued to call, email, and text message Plaintiff daily about Plaintiff's expected return date.

22.    In fact, Defendant frequently interrupted Plaintiff's treatment with her therapist with harassing calls, emails, and text messages about Plaintiff's return to work.

23.    On February 28, 2014, due to same, Plaintiff's therapist extended Plaintiff's leave until on or about March 31, 2014, and sent a note to Defendant's human resources department detailing same.

24.    Nonetheless, Defendant continued to call, text, and email Plaintiff throughout her extended leave, frequently interrupting her sessions with her psychologist.

3

25.     On or about March 31, 2014, Plaintiff's physician extended her leave until on or about May 20, 2014.

26.     In addition to extending Plaintiff's leave, Plaintiff began treating with prescription medication per her psychiatrist's orders.

27.     Due to the risks associated with taking said medications while pregnant, Plaintiff also began treating with a high risk pregnancy specialist.

28.     In or around April 2014, Supervisor Gill informed Plaintiff that Director P had reported to Defendant's upper management that Plaintiff did "not have mental health issues," because he had seen a picture of Plaintiff smiling at a baby shower.

29.     On or about June 17, 2014, Plaintiff gave birth to her child, who was immediately admitted to the neonatal intensive care unit for approximately one week due to complications.

30.     Upon learning of same, Defendant placed Plaintiff on an eight week leave of absence, until August 12, 2014.

31.     During July and early August, Plaintiff called human resources to inquire about her position, and each time Defendant informed Plaintiff that her position had not been filled.

32.     In or around early August, approximately one (1) week before she was expected to return to work (again, Plaintiff was expected to return to work August 12th), Plaintiff called Defendant confirm her return to work on August 12th.

33.     At that time, Defendant's Human Resources Director, Danielle Daily ("HR Daily"), told Plaintiff that she would check with Director P about Plaintiff's position.

34.     On or about August 7, 2014, Plaintiff received a call from HR Daily, who informed her that it was a *"coincidence,"* but Defendant had "just filled [Plaintiff's] position."

4

35.    Upon her return from maternity leave, Defendant refused to return Plaintiff to her pre-leave position or to a position that was substantially similar to the one she had before her medical/bonding leave began.

36.    Instead, HR Daily only offered Plaintiff a telemarketing sales position with a salary of $12,000, which was significant demotion from her previous position as the Executive Circulation Sales Representative, which had a salary of approximately $40,000.

37.    On August 11, 2014, Plaintiff declined the demotion that paid substantially less than her pre-leave position and had substantially different duties than her pre-leave position.

38.    Defendant effectively fired Plaintiff when it refused to offer Plaintiff her job back or a job substantially similar to her job upon her return from medical/bonding leave.

39.    Defendant "constructively discharged" Plaintiff by failing to return Plaintiff to her pre-leave position or a substantially equivalent one, and by offering Plaintiff only a position that was a substantial demotion in terms of duties and compensation.

40.    No reasonable person in Plaintiff's shoes would have accepted the demotion offered.

### COUNT I
### Violations of the New Jersey Family Leave Act ("NJFLA")
### (Interference)

41.    The foregoing paragraphs are incorporated herein as if set forth in full.

42.    Plaintiff was an eligible employee under the definitional terms of the NJFLA.

43.    Plaintiff required NJFLA qualifying leave to bond with her newborn child.

44.    As of June 2014, Plaintiff was employed with Defendant for at least twelve (12) months.

45.     Further, Plaintiff had at least 1,000 hours of service with Defendant during the twelve (12) months prior to June 2014.

46.     Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2014 or proceeding calendar year.

47.     Plaintiff was entitled to receive leave pursuant to the NJFLA for a total of twelve (12) workweeks, and Defendant was not permitted to interfere with these rights.

48.     Defendant interfered with Plaintiff's rights under the NJFLA by failing to provide her with notice of her rights under the NJFLA.

49.     Defendant further interfered with Plaintiff's rights under the NJFLA by filling Plaintiff's position while she was on a leave of absence to bond with her newborn child, which leave Defendant should have designated and treated as NJFLA leave.

50.     Defendant further interfered with Plaintiff's NJFLA rights by filling Plaintiff's position, while she was on a leave of absence to bond with her newborn child, to prevent Plaintiff from taking further NJFLA leave to care for her child.

51.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
## Violations of the New Jersey Family Leave Act ("NJFLA")
### (Retaliation)

52.     The foregoing paragraphs are incorporated herein as if set forth in full.

53.     Plaintiff was entitled to receive leave pursuant to the NJFLA for a total of twelve (12) workweeks, and Defendant was not permitted to retaliate against Plaintiff for exercising these rights.

6

54. Defendant retaliated against Plaintiff by filling Plaintiff's position for having taken leave that Defendant should have designated and treated as NJFLA protected leave.

55. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
### Violations of the New Jersey Law Against Discrimination ("NJLAD")
### (Discrimination/Retaliation)

56. The foregoing facts are incorporated herein as if set forth in their entirety.

57. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

58. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

59. The NJLAD prohibits employers, such as Defendant, from terminating an employee on the basis of disability.

60. Discrimination against an individual with a disability constitutes disability discrimination under the NJLAD.

61. Defendant violated Plaintiff's rights under the NJLAD by refused to return her to the job she held pre-leave or a job substantially similar to the one she held pre-leave.

62. Defendant violated Plaintiff's rights under the NJLAD by firing Plaintiff because she had requested an accommodation due to her Disabilities.

63. Defendant's actions constitute violations of the NJLAD.

64. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

7.

**COUNT IV**
**Violations of the New Jersey Law Against Discrimination ("NJLAD")**
**(Disability Discrimination)**

65.    The foregoing facts are incorporated herein as if set forth in their entirety.

66.    Defendants refused to permit Plaintiff to return to her pre-leave job assuming that she could not do the job once she disclosed her need for a reasonable accommodation and took leave pursuant to her request for an accommodation.

67.    Defendant's actions constitute violations of the NJLAD.

68.    As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**COUNT V**
**Violations of the Family and Medical Leave Act**
**(Retaliation)**

69.    The foregoing paragraphs are incorporated herein as if set forth in full.

70.    Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act ("FMLA").

71.    As of February 2014, Plaintiff was employed by Defendant for at least twelve (12) months.

72.    Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of her FMLA protected leave.

73.    Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2014 or proceeding calendar year.

74.    Plaintiff required time off from work in order to take care of her own serious medical condition from the mid- to the end of February through June 17, 2014.

8

75.    Plaintiff was entitled to twelve (12) weeks of leave under the FMLA to take care of her own serious medical condition during said period.

76.    Defendant retaliated against Plaintiff for taking said leave by filling Plaintiff's position in August 2014.

77.    As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VI
### Violations of the Family and Medical Leave Act
### (Interference)

78.    The foregoing paragraphs are incorporated herein as if set forth in full.

79.    Defendant interfered with Plaintiff's FMLA rights by filling Plaintiff's position in August 2014 due to her having taken FMLA leave during the months that preceded August 2014, and/or to prevent Plaintiff from taking FMLA in the future.

80.    As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA and NJFLA qualifying leaves and/or due to their disability;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.    Plaintiff is to be awarded liquidated damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

By: _____   6/30/2016
Daniel A. Horowitz, Esq.

## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned matter. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

By: _____   6/30/2016
Daniel A. Horowitz, Esq.

## DESIGNATION OF TRIAL COUNSEL

Daniel A. Horowitz, Esquire, of the law firm of Swartz Swidler, LLC, is hereby designated as trial counsel.

By: _____   6/30/2016
Daniel A. Horowitz, Esq.

11

**Appendix XII-B1**

| | |
|---|---|
| **CIVIL CASE INFORMATION STATEMENT (CIS)**<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed | **FOR USE BY CLERK'S OFFICE ONLY**<br>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Daniel Horowitz, Esq. | TELEPHONE NUMBER<br>(856) 685-7420 | COUNTY OF VENUE<br>Atlantic |
|---|---|---|
| FIRM NAME (if applicable)<br>Swartz Swidler LLC | RECEIVED and<br>FILED | DOCKET NUMBER (when available)<br>L-1504-16 |
| OFFICE ADDRESS<br>1101 Kings Hwy N. Ste 402<br>Cherry Hill NJ 08034 | JUL 1 1 2016<br>ATLANTIC COUNTY<br>LAW DIVISION | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Rachel O'Donnell, Plaintiff | CAPTION<br>Rachel O'Donnell v. BH Media Group, Inc. d/b/a Press of Atlantic City |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>509 | HURRICANE SANDY<br>RELATED?<br>☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)   ☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ Yes ☐ No | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: | 6/30/2016 |
|---|---|

Effective 12-07-2015, CN 10517-English

page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

### Track III - 450 days' discovery
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 291 | PELVIC MESH/GYNECARE |
| 278 | ZOMETA/AREDIA | 292 | PELVIC MESH/BARD |
| 279 | GADOLINIUM | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 298 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 288 | PRUDENTIAL TORT LITIGATION | 601 | ASBESTOS |
| 289 | REGLAN | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV.
1201 BACHARACH BLVD
ATLANTIC CITY  NJ 08401

COURT TELEPHONE NO. (609) 345-6700          TRACK ASSIGNMENT NOTICE
COURT HOURS  8:31 AM - 4:30 PM

                    DATE:    JULY 12, 2016
                    RE:      ODONNELL RACHEL VS BH MEDIA GROUP INC
                    DOCKET: ATL L -001504 16

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES P. SAVIO

       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (609) 594-3573.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                    ATTENTION:
                              ATT: DANIEL A. HOROWITZ
                              SWARTZ SWIDLER LLC
                              1101 KINGS HIGHWAY NORTH
                              STE 402
                              CHERRY HILL        NJ 08034

JUSRO